# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

August 19, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

      *Re:*    <u>Lewis v. DL Greenvale LLC</u>
               <u>Case No.: 2:24-cv-4321 (JMW)</u>

Dear Judge Wicks:

      This firm represents the Defendant in the above-referenced case, who respectfully submits this letter motion in accordance with ¶ 3(B) of this Court's Individual Practice Rules (hereinafter the "Individual Rules")[1] to respectfully request a pre-motion conference in anticipation of Defendant's motion to dismiss Plaintiff's Complaint, ECF Docket Entry 1, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").

**<u>Plaintiff's ADA Claims Fail to State a Claim for Relief</u>**

      Plaintiff Alicia Lewis (hereinafter "Plaintiff" or "Lewis") cannot establish that she suffers from or is regarded as suffering from a disability within the meaning of the law because she failed to plead any alleged impairments substantially limited any major life activity for her. <u>See</u> <u>Cabrera-Cardona v. Department of Labor</u>, 2022 WL 17752203, at *9 (D. Conn. 2022) ("Although [Plaintiff] has sufficiently alleged that she suffered from mental impairments, she has not alleged any facts suggesting that her mental impairments substantially limit any of her major life activities"); <u>see also</u> <u>Kelly v. New York State Off. of Mental Health</u>, 200 F. Supp. 3d 378, 391 (E.D.N.Y. 2016); 42 U.S.C. § 12102(2)(A) (defining major life activities). The complaint allegations corroborate that she was not impaired in any major life activity, and thus do not establish that she had any disability. <u>See</u> <u>Heilweil v. Mount Sinai Hosp.</u>, 32 F.3d 718, 723 (2d Cir. 1994) (where evidence in record showed plaintiff's asthma prevented her from working in only one area of the hospital, and not the entire hospital, no reasonable juror could find she suffered from a disability). Without more, Lewis's allegations "do not make plausible that [s]he was substantially limited in the major life activity of working." <u>See</u> <u>Freeman v. Kirisits</u>, 818 Fed. Appx. 34, 40 (2d Cir. 2020); <u>see also</u> <u>Woolf v. Strada</u>, 949 F.3d 89, 94 (2d Cir. 2020) (recognizing the "longstanding, common-sense principle of law ... that employees who are precluded only from doing their specific job, or from working under a specific supervisor, do not have a 'disability'").

      As such, Lewis fails to plead a disability and her discrimination claim fails.

---

[1] The Individual Rules provide that all dispositive motions are to be made to the District Judge; however, pursuant to Administrative Order 2023-23, no District Judge has yet been assigned. As such, the Defendants apply this Court's Individual Rules for seeking to file a dispositive motion. <u>See</u> Individual Rules ¶ D(1).

Lewis' discrimination claim also fails because she agreed to reduce her schedule several times in order to be more reliable but consistently failed to come in for work despite being accommodated. A salesperson's attendance and physical presence at work is an essential function of her job. Thus, if a salesperson does not come in to work, she cannot perform the essential functions of her job, and no reasonable accommodation can be provided. Indeed, courts routinely find that employees who fail to appear for work do not state a claim for disability discrimination or retaliation. See Figueroa v. Garland, 2022 WL 17539114, at *14 (S.D.N.Y., 2022) ("An accommodation that results in the elimination of an essential function of a job is not reasonable") (citing McMillan v. City of New York, 711 F.3d 120, 127 (2d Cir. 2013); see also Lewis v. N.Y. City Police Dep't, 908 F. Supp. 2d 313, 327 (E.D.N.Y. 2012) (an employer need not "tolerate chronic absenteeism even when attendance problems are caused by an employee's disability")). As such, Plaintiff's discrimination claim fails.

Lewis' retaliation claim fares no better.

To establish a retaliation claim, she must prove that "(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; (4) there was a causal connection between the protected activity and that adverse action." See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (per curiam) (citation omitted).

The first element turns upon whether the employee has protested what she has a good faith, reasonable belief is an "unlawful employment practice," within the meaning of the anti-discrimination statutes. See Kunzler v. Canon, USA, Inc., 257 F. Supp. 2d 574, 579 (E.D.N.Y. 2003). The reasonableness of the complainant's belief is to be assessed in light of the totality of the circumstances. See Kaible v. U.S. Computer Group, 27 F. Supp. 2d 373, 377 (E.D.N.Y. 1998). Thus, if the conduct complained about does not violate the anti-discrimination statutes, no retaliation claim is stated. See Kunzler, 257 F. Supp. 2d at 581; see also Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 2012 U.S. Dist. LEXIS 110935, 35 (E.D.N.Y. Aug. 3, 2012) affirmed by 716 F.3d 10 (2d Cir. 2013). (granting motion to dismiss retaliation claim because the plaintiff's internal complaints did not state that she viewed the employer's actions as based on gender, and there was nothing in her protests that could reasonably have led the defendants to understand that was the nature of her objections).

Here, Lewis does not allege that she engaged in protected activity. Therefore, Lewis fails to plead a retaliation claim.

Based on the foregoing, Defendants respectfully submit that their letter motion for a pre-motion conference be granted.

Defendants thank this honorable Court for its time and attention to this case.[2]

---

[2] Your undersigned counsel used Microsoft Word to perform a word count of the body of this letter, which totals 969 words, including this footnote.

Dated: Jamaica, New York
      August 19, 2024                          Respectfully submitted,

                                                 **SAGE LEGAL LLC**

                                                 By:   */s/ Emanuel Kataev, Esq.*
                                                 Emanuel Kataev, Esq.
                                                 18211 Jamaica Avenue
                                                 Jamaica, NY 11423-2327
                                                 (718) 412-2421 (office)
                                                 (917) 807-7819 (cellular)
                                                 (718) 489-4155 (facsimile)
                                                 emanuel@sagelegal.nyc

                                                 *Attorneys for Defendant*
                                                 *DL Greenvale LLC*

<u>**VIA ECF**</u>
Phillips & Associates, Attorneys at Law, PLLC
<u>Attn</u>: Joshua M. Friedman, Esq.
585 Stewart Avenue, Suite 410
Garden City, NY 11530-4701
jfriedman@tpglaws.com

*Attorneys for Plaintiff*
*Alicia Lewis*