**PHILLIPS & ASSOCIATES**
*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

August 26, 2024

**VIA ECF**
The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York

      Re:  **Lewis v. DL Greenvale LLC, d/b/a Lester's of Greenvale**
            Case No.: 24-cv-04321

Your Honor:

      This office represents Plaintiff, Alicia Lewis, in the above-referenced action. We write in response to Defendant's request for a pre-motion conference regarding an anticipated motion to dismiss.

**Brief Factual Background**[1]

      Plaintiff started working for Defendant as a sale associate in February 2022 and, in April 2022, the manager who hired Plaintiff was replaced with a new manager. (Compl. ¶¶ 14, 17). Plaintiff suffers from chronic migraines and throughout her employment with Defendant she was periodically forced to call out of work due to the onset of a migraine. (Compl. ¶¶ 21-25). However, Plaintiff's new manager consistently treated her with hostility on account of her condition, replying to Plaintiff's medical needs with apathetic, sarcastic and demeaning comments. (Compl. ¶ 27). During her employment, Plaintiff made a number of requests for accommodation of her disability, the latest of which occurred in February 2023. (*See e.g.* Compl. ¶ 69). Thereafter, Defendant gradually reduced the number of hours Plaintiff was scheduled to work, from full time to just one to two days per week by early April 2023. (Compl. ¶ 79). In late April 2023, Defendant stopped scheduling Plaintiff for work altogether, effectively terminating her employment. (Compl. ¶ 80).

**Legal Argument**

      Although Plaintiff decidedly asserts her chronic migraines substantially limited several major life activities, (Compl. ¶ 22), and "the substantial limitation requirement in the definition of 'disability' is not an exacting one," *Woolf v. Strada*, 949 F.3d 89, 94 (2d Cir. 2020); *see Kopchik v. Town of E. Fishkill*, 759 F. App'x 31, 37 (2d Cir. 2018) (Summary Order), Plaintiff intends to

---

[1] Plaintiff respectfully refers the Court to the Complaint for a fuller recitation of the facts.

file an amended complaint expressly detailing how her disability affects her major life activities.[2] Specifically, when Plaintiff experiences a migraine it affects her vision and her ability to sleep, walk, stand, bend, read, concentrate and think.[3] When Plaintiff experiences a migraine, she is often unable to sleep and losses vision in her right eye. She also experiences anxiety attacks which affects her neurological and nervous systems. When experiencing a migraine, Plaintiff is unable to drive and perform other manual tasks such as reading, cooking food for her family and walking her dog. The migraines also affect her digestive and automatic nervous system as she experiences nausea and vomiting. The migraines further affects her neurological system and her brain as she experiences intense pain inside her head which is exacerbated by light. Plaintiff also experiences tingling sensations in her extremities that makes her arms and legs weak preventing her from walking, typing, picking things up and bending over.

Defendant's argument that Plaintiff could not perform the essential functions of his job is premised on the supposition that "[a] salesperson's attendance and physical presence is an essential function of her job." Yet, there is no support for this position in the confines of Complaint and it is not the case that seemingly unremarkable conclusions about an employee's essential functions can be drawn as a matter of law. *See McMillan v. City of New York*, 711 F.3d 120, 126 (2d Cir. 2013) ("Physical presence at or by a specific time is not, as a matter of law, an essential function of employment."). Rather, the question of whether something constitutes an essential function is "a fact-specific inquiry," *id.*, "ill-suited for resolution on a motion to dismiss." *Miller v. New York State Police*, No. 14-cv-393, 2016 U.S. Dist. LEXIS 113924, at *4 (W.D.N.Y. Aug. 25, 2016).

One of the cases cited by Defendant, *Lewis v. New York City Police Dep't*, 908 F. Supp. 2d 313 (E.D.N.Y. 2012), is illustrative of this point. Therein, the court found the plaintiff's excessive absenteeism rendered her unable to perform the essential functions of her job in light of "an extensive record of absences [(60% of her workdays)] and given the evidence in the record regarding the impact of [p]laintiff's absences on her colleagues." *Id.* at 328. Here, there is no extensive record of absence nor any record evidence of the impact of those absences. Lacking this it is premature to conclude, as a matter of law, Plaintiff's absences were so frequent that she was not qualified to perform the essential functions of her position. Accordingly, Defendant offers no valid argument to dismiss Plaintiff's discrimination claims.[4]

Defendant's argument on Plaintiff's retaliation claims fares no better. While Defendant's inferential leap that the complained of conduct must violate the law is certainly wrong, *see Gregory*

---

[2] Even assuming Defendant's filing of a pre-motion conference request constitutes "service of a motion under Rule 12(b)" within the meaning of Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff has until September 9, 2024 to file an amended complaint as of right.

[3] The question of whether Plaintiff's condition substantially limits a major life activity has no bearing on her state law claims. *See Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001).

[4] Despite claiming to seek the dismissal of the entire action, Defendant does not address Plaintiff's hostile work environment claim. As detailed in the Complaint, Plaintiff's supervisor repeatedly, and regularly, demeaned and mocked Plaintiff's disability, including "you don't even try," "you are unreliable and selfish," "you don't even care," "I absolutely cannot believe that you would even try to call out," "I don't feel bad," "[e]veryone here is sick," "you have no loyalty," "I've never met anyone like this," and "[t]hank you as always for being a team player." (Compl. ¶¶ 27, 31, 43, 52, 54, 57). Thus, even if Defendant had addressed this aspect of Plaintiff's claims, its argument would lack merit. *See Espinoza v. CGJC Holdings LLC*, No. 23-cv-9133, 2024 U.S. Dist. LEXIS 129544, at *11 (S.D.N.Y. July 23, 2024) (finding hostile work environment claim sufficiently pled where employer frequently mocked plaintiff's disability).

*v. Daly*, 243 F.3d 687, 701 (2d Cir. 2001), Defendant overlooks the fact that the protected activity in which Plaintiff engaged was her repeated requests for accommodation. *See Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 149 (2d Cir. 2002).

      For example, on February 7, 2023, Plaintiff provided her supervisor with a note from her doctor that she needed a week to acclimate to her new medication and explicitly asked Defendant to "[p]lease accommodate." (Compl. ¶ 69). Thereafter, Plaintiff's hours were gradually reduced to one to two days per week by early April 2023 and, by the end of April 2023, Defendant ceased giving Plaintiff any hours whatsoever. (Compl. ¶¶ 79-80). As temporal proximity alone is sufficient to plead causation, there is no basis to dismiss Plaintiff's retaliation claims. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 111 (2d Cir. 2010) (finding that plaintiff made out prima facie case of retaliation where protected activity "occurred less than four months" before termination): *see also Gorman-Bakos v. Cornell Coop. Extension*, 252 F.3d 545, 555 (2d Cir. 2001) (extending temporal proximity where minor retaliatory acts took place between protected activity and ultimate adverse action).

      We thank the Court for its time and attention to this matter.

Respectfully Submitted,

*/s/Joshua Friedman*
Joshua Friedman, Esq.

3